CLARA G. CONOVER *vs.* HARRY B. WOOD *et al.*

Argued Jan. 26, 1892.    Decided Feb. 15, 1892.

**Negligence of Warehousemen Rendering Them Insurers.**—Defendants, warehousemen, received from plaintiff, for storage, certain goods, she to bear the risk from fire, and she had the goods insured in the warehouse where they were. In contemplation of their removing the goods, at some indefinite time, to another warehouse, they agreed with her to give her notice when the goods were removed, so that she might have the insurance continued upon them in such other warehouse. They removed the goods, and failed to give her notice. By the removal the insurance became void. The goods were destroyed by fire. They had no authority from her to make any arrangement for the insurance. Defendants testified, but it was denied by the agent for the insurance company, that they informed such agent of the removal, and he promised to make the necessary change in the policy. *Held* that, conceding plaintiff might, when informed of this, after the fire, have adopted or ratified what defendants so testified to, as an agreement by the insurer to continue the policy, she was not bound to do so, and that, though found by the jury to be as defendants testified, it is no defense to an action for neglecting to give notice of the removal.

Appeal by defendants Harry B. Wood and Willard W. Morse from an order of the district court of Hennepin county, *Smith,* J., made September 25, 1891, refusing a new trial.

The plaintiff, Clara G. Conover, brought this action to recover the value of her goods stored with defendants, and destroyed by fire July 15, 1890, in the New Security warehouse. The statement of facts in *Brigham* v. *Wood, ante,* p. 344, obviates the necessity of any further statement here. This action was tried June 10, 1891. The jury found for plaintiff, and assessed her damages at $692.90. Defendants moved for a new trial, and, being refused, appealed.

*Spooner & Taylor,* for appellants.

*C. S. Jelley* and *L. K. Hull,* for respondent.

GILFILLAN, C. J.    Plaintiff stored with defendants, as warehousemen, in what is designated in the ca e as the "Old Security Warehouse," certain household goods; loss or damage from certain causes,

among them fire, to be, by the contract of storage, at her risk; and she took out a policy of fire insurance upon them in that warehouse. Defendants afterwards removed them to another warehouse used by them, designated the "Itasca Warehouse," and the insurance company indorsed on the policy its consent to continue it on the goods in that warehouse, and defendants promised plaintiff that when they should, as they then contemplated doing at some indefinite future time, remove the goods to another warehouse, they would give plaintiff notice thereof, so that she could have the insurance continued on the goods therein. After this, they, without the knowledge of plaintiff, removed the goods to such other warehouse of theirs, designated the "New Security Warehouse," where they were afterwards destroyed by fire. They did not inform plaintiff of this last removal, and she did not know of it till after the fire. By the terms of the policy and the indorsement it ceased to insure the property upon its last removal. Defendants, at the time of that removal, knew the property was insured in the Itasca warehouse. The action is for removing the goods, thereby rendering the insurance void, and failing to notify plaintiff of it, so that she might have the insurance continued. There was testimony on the part of the defendants to the effect that soon after the removal of the goods to the New Security warehouse they had, through the telephone, a conversation with the agent of the insurance company, in which, after they had informed him of the removal, in response to an inquiry made by him, he promised to attach to the plaintiff's policy a slip consenting to continue the insurance on the goods in that warehouse. The agent denied this conversation.

A request of defendants for instruction to the jury presents the only question raised on this appeal. It was, in substance, that if they found that defendants informed the agent of the insurance company of the removal, and that he thereupon promised to make the necessary change in the policy, the promise would be binding on the company, the plaintiff would have an adequate remedy on the policy, and cannot recover in this action. The court refused to so charge.

There was no evidence that defendants had authority from plaintiff to make any arrangement with the agent of the company with

regard to insurance. It could hardly be said, upon the evidence of defendants as to the conversation had with the agent, that they assumed, or were understood by him, to be acting on plaintiff's behalf. They did not apply for the company's consent to the change of location of the goods, nor for it to continue the insurance. They only informed the agent of the removal when he inquired about it, and he then said that he would make the necessary change in the policy. The case would have been the same had any stranger met him on the street and given him the same information, and he had said to such stranger that he would make such change. But, conceding what is claimed by defendants, that plaintiff, when told of it after the destruction of the goods,—after they had ceased to be the subject of insurance,—might have ratified or adopted what, according to defendants' testimony, passed between them and the agent, as an agreement between her and the company, relating back to the conversation, that the insurance should continue, yet she was not obliged to ratify or adopt it. The parties had no such thing in mind when it was agreed that defendants should give her notice of removal, so that she might have the insurance continued. It was defendants' duty to give her that notice. No act of theirs would serve in lieu of performance of that duty, unless it put her in just as good a situation as performance would have done. Had the duty been performed, she might, and probably would, have had unquestioned insurance on her goods; she would at any rate have had an opportunity to get it. An opportunity to adopt or ratify a disputed and doubtful oral agreement by the insurance company to continue the insurance is not an equivalent for what she lost through the defendants' neglect to give her the notice agreed upon.

Order affirmed.

(Opinion published 51 N. W. Rep. 227.)